UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HERNANDEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DAVID BAUGHMAN, Warden,<br><br>　　　　　Respondent. | No. 1:18-cv-01271-LJO-JLT (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS MIXED PETITION**<br><br>**[Doc. 11]**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner filed a habeas petition on September 12, 2018, challenging his 2014 conviction in Fresno County Superior Court of second degree murder, two firearm assaults, firearm enhancements, and discharging a firearm at an inhabited dwelling. On November 19, 2018, Respondent filed a motion to dismiss for failure to exhaust state remedies. Petitioner filed a reply on December 6, 2018. Because the petition is a mixed petition, the Court will recommend Respondent's motion to dismiss be GRANTED and Petitioner be DIRECTED to amend the petition to delete the unexhausted claim or request dismissal of the petition without prejudice so that Petitioner may return to state court to exhaust his state remedies.

**DISCUSSION**

A.　Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

2

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner raised the following five claims in his petition: 1) "The trial court, by instructing the jury that the provocation that would reduce a murder to a manslaughter must incite the defendant to homicidal conduct, misdefined an element of the offense of murder;" 2) "The prosecution, by arguing that such provocation must be such that it would motivate someone to kill, compounded the instructional error, misstated the law and deprived petitioner of his Fifth and Fourteenth Amendment right to due process;" 3) "The prosecutor, by arguing that "even the most guilty" of defendants has a right to a jury trial and competent defense, diluted the presumption of innocence and deprived petitioner of his Fifth and Fourteenth Amendment right to due process;" 4) "By failing to object to the court's instruction in answer to the jury's question and the prosecution's improper argument, defense counsel was ineffective, depriving petitioner of his Sixth Amendment right to the effective assistance of counsel;" and 5) "The cumulative effect of error prejudiced petitioner." (Doc. 1.)

Respondent contends that Petitioner failed to present his cumulative error claim to the California Supreme Court and therefore failed to exhaust it. Petitioner contends that he did not have to raise a discrete claim of cumulative error to exhaust it. He argues it was sufficient that his claims were closely related. The Court agrees with Respondent that the cumulative error claims is unexhausted. It is undisputed that there was no mention of cumulative error in the petition to the

California Supreme Court. "[A] cumulative error claim must be clearly identified in a petitioner's brief before a state court to be exhausted." Wooten v. Kirkland, 540 F.3d 1019, 1026 (9th Cir. 2008). The instant petition is therefore a mixed petition containing exhausted and unexhausted claims. Petitioner must be given the option of exhausting the unexhausted claims by returning to state court, or abandoning the claim and pursuing the remaining claims in this Court. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); see also Butler v. Long, 752 F.3d 1177, 1191 (9th Cir. 2014).

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be granted, and Petitioner be directed to either amend the petition to delete the unexhausted claim or request dismissal of the petition without prejudice so he may return to state court to exhaust the unexhausted claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: **January 16, 2019**                **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE